7708

## MARTIN v. HODGE.

BAIL BONDS—SURETIES—EXECUTION.—In an action against a party for fraud and embezzlement, he was arrested under an execution against his person, but appealed from the judgment and under *habeas corpus* proceedings was let to bail, the condition of the bail bond being that he will surrender himself to the custody of the sheriff and restore the status if his appeal should be abandoned or dismissed or

the decree be affirmed. Upon modification of the decree, by declaring the arrest under execution unlawful, the bond is made void, and the bondsmen are not bound to surrender him to the sheriff, or, in default thereof, to pay the judgment.

.Before WATTS, J., Lexington, February Term, 1910. Reversed.

Action by A. W. Martin against F. M. Hodge and W. L. K. Johnson. From judgment for plaintiff, defendant appeals.

*Messrs. Graham & Sturkie* and *Efird & Dreher* for appellant. *Messrs. Graham & Sturkie* cite: *There was no proof that execution had been returned unsatisfied:* Code of Proc. 310, sub. 2. *There must be a breach before action will lie:* 5 Cyc. 813; 78 S. C. 561; 9 S. C. 316. *No breach having been shown, no liability arises:* 5 Cyc. 847-8.

*Messrs. Efird & Dreher* cite: *History of arrest for debt:* 3 Cooley's Black. 290, 291, 414, 415, 416; 3 McC. 436; 8 Rich. 210; 4 Stat. 86; 5 Stat. 78; Code of Proc. 200, 201, 202, 204, 207, 208; Code 1902, 3072-90; 29 S. C. 476. *Execution under which Hutto was arrested is illegal:* 78 S. C. 560; 82 S. C. 432.

*Messrs. DePass & DePass,* contra, cite: *The bond sued on is valid:* 82 S. C. 432; 78 S. C. 560; 23 N. E. 595; 14 How. 133; 12 Wall. 400; 9 Or. 363; Heard Hab. Cor. 324; 9 Ency. 200. *Difference between bail to the action and bail in error:* 7 Fed. Cas. No. 4041a.

November 4, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. In this action against the defendants as sureties on an undertaking given by Paul E. Hutto in *habeas corpus* proceedings, the Circuit Judge directed a

verdict in favor of the plaintiff. To make clear the one issue of law on which the appeal depends, it is necessary to state the somewhat complex legal proceedings which fixed the relations of the parties and determine the nature of the obligation assumed by the defendants.

Some years ago the plaintiff A. W. Martin instituted a suit against Paul E. Hutto, under subdivision I of Section 200 of the Code of Civil Procedure, for fraudulent misapplication and embezzlement of property, which resulted in a decree of the Circuit Court that the plaintiff Martin have judgment against the defendant Hutto for $788.14, the value of the property adjudged to have been fraudulently taken, or disposed of by defendant. The decree further provided: "That the plaintiff have leave forthwith to issue *ca sa,* or execution against the person of the defendant, in accordance with Sections 200 and 308 of the Code of Civil Procedure of 1902, for the arrest of the defendant for fraudulently obtaining and procuring the assignment to himself of the lease and demise of the Blackville Road Plantation, for the purpose of depriving the plaintiff of the use thereof and benefits thereunder, and for fraudulently taking, detaining or disposing of plaintiff's one-half of all crops raised upon the Blackville Road Plantation during the year 1904; and that said defendant be forthwith imprisoned in the county jail of Lexington county until said judgment of seven hundred sixty-eight and 14-100 dollars and costs are paid, or until he be otherwise discharged in accordance with the provisions of law in such cases made and provided." An execution against the person of Hutto was issued in pursuance of the decree, and the sheriff arrested him thereunder. The defendant Hutto appealed from the decree of Judge Dantzler, and, pending the appeal, applied to this Court under *habeas corpus* proceedings for release, on the ground that both the judgment and writ under which he was held were absolutely void. The Court held in the *habeas corpus* proceedings that the judgment and writ were

not void, but made an order for bail in the following language: "It is therefore ordered and adjudged that the petitioner be admitted to bail pending said alleged appeal, under bond in the full sum of one thousand dollars, with surety, to be approved by the Clerk of Court of Lexington county, conditioned that he will surrender himself to the custody of the sheriff of Lexington county and restore the status as held under the decree of Judge Dantzler, should his said alleged appeal be abandoned or dismissed or the decree of Judge Dantzler be affirmed, and generally to abide the judgment of this Court." Thereafter the defendants became sureties on the undertaking given by Hutto in accordance with the order of the Supreme Court, and Hutto was released from custody.

This Court heard the appeal from the decree of Judge Dantzler at the November, 1908, term of Court, and in its decree held that the Code of Procedure requires as a condition precedent to the issuance of an execution against the person of a judgment debtor, that an execution shall be first issued against his property, and shall be returned unsatisfied. Accordingly the judgment of this Court was: "that the judgment of the Circuit Court be modified so as to provide for the issuing of an execution against the property of the defendant, and for execution against his person in the terms provided by the statute, and stated in the Circuit decree, in case the execution against the property of the defendant be returned unsatisfied in whole or in part." 82 S. C. 432.

After the remittitur had been filed in the Circuit Court, there was lodged with the sheriff of Lexington county an execution against the property of the judgment debtor Hutto, which was duly returned by the sheriff unsatisfied. Thereupon at the instance of the plaintiff Martin, a second execution against the person of Hutto was issued. The sheriff went to the house of Hutto to make the arrest under the second execution, but found Hutto sick and determined not to enforce the mandate of the Court, fearing that the

excitement of being arrested would affect Hutto seriously, if not fatally. After this course had been taken by the sheriff, the judgment creditor Martin brought this action against the defendants, alleging that there had been a breach of the undertaking given in the *habeas corpus* proceedings, in that the sureties had not delivered Hutto into the custody of the sheriff under the second execution. The Circuit Court directed a verdict against the defendants for $951.99, the amount due on plaintiff's judgment against Hutto, holding that the sureties were bound by their undertaking to deliver the judgment debtor into the custody of the sheriff when the second execution against the person was lodged. The question made by the appeal is whether the sureties were bound to that extent.

The judgment of this Court above set out was a distinct holding that the Circuit Court had erred in ordering the execution to issue against the person before an execution against the property of Hutto had been issued and returned unsatisfied. The first execution against the person of Hutto depended for its validity on the decree of the Circuit Court, and when this Court adjudged that the Circuit Court had erroneously ordered an execution against the person to issue before the condition precedent required by the statute had been met, it followed that the execution so prematurely issued and the authority of the sheriff to arrest or hold Hutto thereunder was at an end. The undertaking given by the sureties could not be extended to mean that they would be responsible for Hutto's subjecting himself to another process which had not then been issued. Their undertaking was that Hutto "shall surrender himself to the custody of the sheriff of Lexington county and restore the status as held under the decree of Judge Dantzler, should his said alleged appeal be abandoned or dismissed or the decree of Judge Dantzler be affirmed, and generally to abide the judgment of this Court." The appeal was not dismissed nor abandoned, and the decree of Judge Dantzler was

not affirmed, but on the contrary on the question of arrest was held to be erroneous. There has been no failure to "abide the judgment of this Court;" for the judgment of the Supreme Court did not require that Hutto should surrender himself to the sheriff or that the sureties should see that he did so. On the contrary, the judgment was that Hutto had been illegally arrested, had been improperly in the custody of the sheriff and was entitled to be unconditionally discharged, and that he could be legally arrested under another execution against his person only after the condition precedent required by law had been complied with. It follows that the position taken by respondent, that there was a forfeiture of the undertaking when Hutto did not surrender himself to the sheriff under the second execution against his person issued after the execution against his property had been returned unsatisfied, is unsound. When this Court adjudged that the first arrest was illegal and that Hutto was entitled to unconditional discharge from that arrest, the liability of the sureties on the undertaking given by them to procure his discharge therefrom was at an end. The remedy of the plaintiff was to have the sheriff enforce the second execution by the arrest of Hutto.

It is the judgment of this Court that the judgment of the Circuit Court be reversed.